HAMILTON, Circuit Judge,
concurring in part and concurring in the judgment.
I join all portions of Judge Kanne’s opinion for the court except Part II-A, dealing with Christopher Johnson’s in-court identification of petitioner Lee as the person in his car on the night of the murder and robbery. Johnson admitted on cross-examination that he knew he would be asked *695 to identify the man who was in his car that night, and that he expected to look at the defense table and point to the only African-American at that table.
As Judge Kanne points out, “a defendant’s mere presence at the defense table is not enough to establish a violation of due process.” Op. at 691 (emphasis added). Nevertheless, we have often recognized the inherent suggestiveness of in-court identifications where the defendant is seated at the defense table. See, e.g., Johnson v. McCaughtry, 92 F.3d 585, 597 (7th Cir. 1996) (“much less reliable than fair lineups and photo arrays”); Rodriguez v. Peters, 63 F.3d 546, 556 (7th Cir.1995) (in-court procedure was suggestive, but no due process violation if defendant’s location is only suggestive circumstance); United States ex rel. Haywood v. O’Leary, 827 F.2d 52, 59 (7th Cir.1987) (totality of circumstances kept in-court identification from being unreliable or violating due process); United States v. Bush, 749 F.2d 1227, 1232 (7th Cir.1984) (recognizing suggestiveness but finding no due process violation where defendant’s location was only suggestive circumstance). Our colleagues in the Second Circuit have addressed the problem in greater depth. See, e.g., United States v. Archibald, 734 F.2d 938, 941-42 (2d Cir.1984) (in-court identification of defendant, the only black person in the courtroom, seated at the defense table, was improperly suggestive, but error was harmless); United States v. Brown, 699 F.2d 585, 593-94 (2d Cir.1983) (describing appropriate protective measures for in-court identification where witness has not made prior identification).
Johnson’s troubling admission that he planned to point out the only African-American at the defense table suggests there was no independent basis for his identification. The fact that he was not able to identify Lee from photographs before trial strengthens that suggestion. The combination of (a) the inherent suggestiveness of an in-court identification of the defendant at the defense table, (b) Johnson’s inability to make an earlier identification, and (c) his remarkable admission that he planned to identify the African-American at the defense table raises a substantial question about whether the identification was sufficiently reliable to be admitted, even though its flaws were fully aired before the jury. See generally Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
Our cases have yet to address whether and when a witness’s open admission that he identified the defendant based on his race and location in the courtroom would indicate “a very substantial likelihood of irreparable misidentification” that might violate due process. Johnson, 92 F.3d at 595, quoting Biggers, 409 U.S. at 198, 93 S.Ct. 375. In light of the circuit court cases cited above, among others, I do not know how I would decide that question if this were a direct appeal from a federal criminal trial. But that is not the question we must decide.
The question before us is limited by the highly deferential standard of review we apply to the state court’s decision under the Antiterrorism and Effective Death Penalty Act of 1996. The issue is not whether the admission of Johnson’s identification violated the United States Constitution. The issue is only whether the state court’s decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). An unreasonable application of federal law is different from a merely incorrect application of law, see Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011), citing Williams v. Taylor, 529 *696 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), for § 2254(d)(1) gives state courts considerable latitude in applying federal law as determined by the Supreme Court.
In the district court, Chief Judge Griesbach explained persuasively why the state court’s decision here would not justify relief under § 2254(d)(1). See Lee v. Baenen, No. 10-C-040, 2013 WL 364226, at *3 (E.D.Wis. Jan. 30, 2013). Petitioner Lee has not rebutted that analysis with Supreme Court authority. To the extent that Part II-A of my colleagues’ opinion seems to apply a less deferential standard, one closer to a direct appeal from a federal conviction, it says more than is necessary. On the basis of the district court’s analysis, though, I agree with my colleagues that we must affirm the denial of habeas corpus relief based on the in-court identification by Johnson.